# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)** | **CLEAR SPRING PROPERTY AND CASUALTY COMPANY,** an Indiana corporation, | ) ) ) ) |
| | **Plaintiff,** | ) ) |
| **v.** | | ) **Case No.** <u>CIV-24-901-</u>PRW ) |
| **(1)** | **ROCK FOUNDED, LLC, an Oklahoma Limited Liability Company; and** | ) ) ) ) |
| **(2)** | **ROCK FOUNDED OKC, LLC an Oklahoma Limited Liability Company; and** | ) ) ) ) |
| **(3)** | **SERGIO G. CALDERON,** an individual; and | ) ) ) |
| **(4)** | **WILLOUGHBY RIDLEY, LLC, an Oklahoma Limited Liability Company; and** | ) ) ) ) |
| **(5)** | **WRE HOLDINGS, LLC, an Oklahoma Limited Liability Company.** | ) ) ) ) |
| | **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW Plaintiff Clear Spring Property and Casualty Company, an Indiana corporation, by and through its attorneys, and for its Complaint for Declaratory Relief, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, alleges and states as follows:

## I.    JURISDICTION AND VENUE

1.    Plaintiff Clear Spring Property and Casualty Company (hereinafter "Clear Spring") is a corporation incorporated under the laws of the State of Indiana and has its principal place of business in the State of Indiana and is therefore a citizen of Indiana for purposes of diversity jurisdiction. 28 U.S.C. §1332(c)(1).

2.    Upon information and belief, Defendant Rock Founded LLC is an Oklahoma limited liability company and each of its members are considered citizens of the State of Oklahoma.

3.    Upon information and belief, Defendant Rock Founded OKC, LLC is an Oklahoma limited liability company and each of its members are considered citizens of the State of Oklahoma.

4.    Upon information and belief, Sergio G. Calderon is an individual and is a citizen of the State of Oklahoma.

5.    Upon information and belief, Defendant Willoughby Ridley, LLC is an Oklahoma limited liability company and each of its members are considered citizens of the State of Oklahoma.

6.    Upon information and belief, Defendant WRE Holdings, LLC, is an Oklahoma limited liability company and each of its members are considered citizens of the State of Oklahoma.

7.    The amount in controversy can reasonably be said to exceed the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

8.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332, because of complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy.

9.  Further, jurisdiction over an action for declaratory judgment exists pursuant to 28 U.S.C. §2201 ("In the case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.").

10. This Court is the appropriate venue for this action pursuant to 28 U.S.C. §1391 because Defendants are considered to reside in this district, a substantial part of the events giving rise to the claim occurred in this district, and/or Defendants are subject to personal jurisdiction in this district.

11. An actual controversy of a justiciable nature exists between Plaintiff and Defendants involving the rights and liabilities under certain contracts of insurance.

## II.    INSURANCE AGREEMENT

12. Plaintiff Clear Spring issued a General Liability Policy to Rock Founded, LLC with a policy number of CB002498500, and with a policy period of 5/11/2022 to 05/11/2023.  (Exhibit 1).

13. The policy was renewed in 2023, with a policy number of CB002498501, and with a policy period of 5/11/2023 through 5/11/2024.  (Exhibit 2).

14.    These policies are considered "occurrence" policies, with an "each occurrence"
       limit of $1,000,000.00; a general aggregate limit of $2,000,000.00; and a per claim
       deductible of $1,000.

15.    The Policies contained the following terminology:

**SECTION I – COVERAGES**

**COVERAGE A  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

   **a**.    We will pay those sums that the insured becomes legally obligated to pay as
           damages because of "bodily injury" or "property damage" to which this insurance
           applies.  We will have the right and duty to defend the insured against any "suit"
           seeking those damages.  However, we will have no duty to defend the insured
           against any "suit" seeking damages for "bodily injury" or "property damage" to which
           this insurance does not apply.  We may, at our discretion, investigate any
           "occurrence" and settle any claim or "suit" that may result.  But:

      (1)    The amount we will pay for damages is limited as described in Section III -
             Limits Of Insurance; and

      (2)    Our right and duty to defend ends when we have used up the applicable
             limit of insurance in the payment of judgments or settlements under
             Coverages A or B or medical expenses under Coverage C.

           No other obligation or liability to pay sums or perform acts or services is covered
           unless explicitly provided for under Supplementary Payments – Coverages A and B.

   **b**.    This insurance applies to "bodily injury" and "property damage" only if:

      (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that
             takes place in the "coverage territory";
      (2)    The "bodily injury" or "property damage" occurs during the policy period; and
      (3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II -
             Who Is An Insured and no "employee" authorized by you to give or receive
             notice of an "occurrence" or claim, knew that the "bodily injury" or "property
             damage" had occurred, in whole or in part.  If such a listed insured or
             authorized "employee" knew, prior to the policy period, that the "bodily
             injury" or "property damage" occurred, then any continuation, change or

4

resumption of such "'bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c**.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d**.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

  **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
  **(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
  **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

***

The Policies also include the following Definitions:

***

**13**.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**17**.    "Property damage" means:

  **a.**    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
  **b.**    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**18**.    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  "Suit" includes:

  **a.**    An arbitration proceeding in which such damages are claimed and to which the Insured must submit or does submit with our consent; or
  **b.**    Any other alternative dispute resolution proceeding in which such damages

5

are claimed and to which the Insured submits with our consent.

\*\*\*

The Policies contain endorsement form 49-0107-07 11, entitled "Exclusion - Condominiums, Townhouses, Time-shares, and Tracts." The form provides as follows, in pertinent part:

### EXCLUSION - CONDOMINIUMS, TOWNHOUSES, TIME-SHARES, AND TRACTS

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

This insurance does not apply to and the Company shall have no duty to defend any claim or "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" arising out of any work involving, related to, or performed about the premises of:

1.    Condominiums or townhouses;

2.    Any location which has been or becomes converted into condominiums or townhouses, regardless of whether:

    a.    any insured had involvement in the conversion;
    b.    any insured had knowledge of the conversion;
    c.    the conversion is prior to or subsequent to any insured's work at the location

3.    Timeshare development; or

4.    Any project or premise on which more than 10 houses have been built or are in any stage of development, planning, or construction

This exclusion does not apply to:

    1.    Non-Structural remodeling or repair of the dwelling unit for the dwelling unit owner on premises described in paragraphs 1,2, or 3 above; or

    2.    Remodeling or additions to a single house in a development described in paragraph 4 above.

    3.    Maintenance, service, or non-structural repairs to common areas of a completed and occupied development or project described in paragraph 1above.

4.      Work done on a new single custom home for an individual in a development described in paragraph 4 above.

(*E.g.,* Exhibit 1, Policy).

16.     The policies also contained traditional exclusions for 'j. damage to property," "k. damage to your product" and "*l*. damage to your work" and "m. damage to impaired property or property not physically injured," which are incorporated herein by reference.

### III.   UNDERLYING INCIDENT AND LAWSUIT

17.     On March 15, 2024, Defendants Willoughby Ridley, LLC and WRE Holdings, LLC filed suit against Rock Founded LLC, Rock Founded OKC LLC, Sergio Calderon, and Gabriel Ortiz for certain matters arising out of the provision of "stucco application services" at a "luxury boutique townhome development" known as "The Spaniard," located in Oklahoma City, Oklahoma.  *See* Case No. CJ-2024-1786, Oklahoma County District Court (hereinafter "the Lawsuit").

18.     Defendant Rock Founded, LLC demanded that Clear Spring defend it for all matters related to the Lawsuit.

19.     On or about April 30, 2024, Clear Spring rejected Rock Founded, LLC's request for indemnity and defense related to the Lawsuit, including by reference to the above-quoted policy provisions.

20.     Upon information and belief, Rock Founded, LLC did not defend or participate in the Lawsuit and, on June 11, 2024, an Order Granting Default Judgment was

entered against Defendants Rock Founded, LLC and Rock Founded OKC, LLC, for $1,700,000.00 plus other unspecified damages.

21.    Since that time, counsel for Defendants Willoughby Ridley, LLC and WRE Holdings, LLC have made demands on Plaintiff Clear Spring, and have asserted that they will "pursue every legal means necessary to collect against both Rock Founded and Clear Spring on the judgment it has been granted against Rock Founded."

### IV.    CLAIM FOR RELIEF:  DECLARATORY JUDGMENT

22.    Defendant Rock Founded, LLC has made demand on Plaintiff Clear Spring for defense and indemnity related to the Lawsuit.

23.    Plaintiff Clear Spring has denied coverage and defense related to the Lawsuit.

24.    Nevertheless, Defendants Willoughby Ridley, LLC and WRE Holdings, LLC, continue to make demands on Plaintiff for satisfaction of the underlying default judgment entered against Defendant Rock Founded, LLC.

25.    Hence, an actual controversy exists between Plaintiff and Defendants relating to the respective legal rights and duties under the Policies described above.

26.    This claim for relief states a cause of action for declaratory judgment pursuant to 28 U.S.C. § 2201.

27.    Plaintiff Clear Spring requests the Court declare that the policies do not provide coverage to Defendant Rock Founded, LLC, and that Clear Spring therefore has no duty to defend or indemnify Rock Founded, LLC for any matters related to the

Lawsuit, and consequently has no duty to pay or satisfy any judgment entered in the Lawsuit.  In particular:

a.  The Exclusion related to "Condominiums, Townhouses, Time-Shares, and Tracts" wholly precludes coverage because Clear Spring has no duty to defend any suit seeking damages for "property damage" arising out of "work" performed on "townhouses."  In this case, "the Spaniard" is a "townhome" or "townhouse" development.  Further, the default judgment entered in the Lawsuit was necessarily premised on allegations of faulty workmanship by the insured on the townhomes at issue.  For that reason, the exclusion applies to preclude coverage under the policy.  Further, none of the exceptions to the Exclusion are applicable.

b.  The Petition in the Lawsuit does not allege an occurrence within the meaning of the Policies.

c.  The Policies do not provide coverage for the cost of repairing or replacing defective workmanship. *Dodson v. St. Paul Ins.*, 812 P.2d 372, 377 (Okla. 1991).

d.  Breaches of contract are not covered by liability polices because the phrases "legally obligated to pay" and "liability imposed by law" refer only to tort claims and not contract claims.

e.  The Policies contains a contractual liability exclusion which precludes coverage for "property damage" for which the insured is obligated to pay damages by reason of the assumption of lability in a contract or agreement.

f.  To the extent Defendants Willoughby Ridley, LLC and WRE Holdings, LLC pursue claims for breach of construction trust, cancellation of title/quiet title and slander of title in the Lawsuit, these claims do not implicate "property damage" within the meaning of the policy, and do not implicate an "occurrence," since they are not based on accidental conduct.

28.  Consequently, the Court should determine and find that Plaintiff owes no duty to defend or indemnify Defendant Rock Founded, LLC for any damages sought in the Lawsuit related to work performed on "the Spaniard" townhome development.

29.    To the extent Defendant Sergio G. Calderon is considered an insured under the policies, Plaintiff requests a determination and finding that Plaintiff owes said Defendant no duty to defend and no duty of indemnity for the same reasons discussed above.

30.    In addition, because no coverage exists under the policies, the Court should find and determine that Plaintiff has no duty to satisfy the underlying default judgment entered against Rock Founded, LLC and Rock Founded OKC, LLC.

31.    Defendants Rock Founded OKC, LLC, Sergio Calderon, Willoughby Ridley, LLC, and WRE Holdings, LLC, are proper parties to this declaratory judgment action in their capacity as plaintiffs and/or defendants in the Lawsuit, such that their interests may be considered and adjudicated in this matter. *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 658 (10th Cir. 1946) ("The purpose of the declaratory judgment action is to settle actual controversies before they have ripened into violations of law or legal duty or breach of contractual obligations.  In declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured."); *Shelter Mut. Ins. Co. v. Fritz*, 2019 WL 4781867, at *1 (E.D. Okla. 2019) (Magistrate Shreder) ("Ordinarily, in an action for a declaratory judgment, all persons interested in the declaration are necessary parties.").

WHEREFORE, premises considered, Plaintiff Clear Spring Property and Casualty

Company requests the Court enter judgment in this declaratory judgment action finding

that, pursuant to the terms of the insurance policies, Plaintiff owes Defendant Rock

Founded, LLC and Sergio G. Calderon no duty to indemnify or defend related to the

underlying Lawsuit; that Plaintiff has no duty to pay or satisfy any judgment entered in

the underlying Lawsuit; and requests other appropriate relief, attorney fees, costs, or such

relief available in law and equity.

Respectfully submitted,

*s/ Matthew B. Free*
Sean H. McKee, OBA #14277
Matthew B. Free, OBA #18055
BEST & SHARP
Williams Center Tower I
One West Third Street, Suite 900
Tulsa, Oklahoma 74103
Telephone:    (918) 582-1234
Facsimile:    (918) 585-9447
smckee@bestsharp.com
mfree@bestsharp.com
A*ttorneys for Plaintiff,*
*Clear Spring Property & Casualty Co.*