## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLEAR SPRING PROPERTY AND CASUALTY COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>ROCK FOUNDED, LLC, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)    Case No. CIV-24-901-PRW<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

Before the Court is Plaintiff Clear Spring Property and Casualty Company and Defendants Rock Founded, LLC, Willoughby Ridley, LLC, and WRE Holdings, LLC's Joint Motion for Entry of Agreed Judgment (Dkt. 19).

### *Background*

This case stems from an insurance coverage dispute. Plaintiff Clear Spring Property and Casualty company filed this suit seeking a declaration that an insurance policy issued by Clear Spring to Defendant Rock Founded, LLC imposed no duty to defend or indemnify Rock Founded, LLC, and no duty to satisfy the judgment entered against Rock Founded, LLC, in an underlying state court lawsuit.[1] The state court suit was brought by Willoughby Ridley, LLC and WRE Holdings, LLC against Rock Founded LLC, Rock Founded OKC, LLC, Sergio Calderon, and Grabriel Ortiz to recover damages resulting from unfinished

---

[1] *See Willoughby Ridley, LLC, et al. v. Rock Founded, LLC, et al.*, Case No. CJ-2024-1786, Oklahoma County District Court.

1

and negligent stucco application on a townhome development.[2] Rock Founded, LLC demanded that Clear Spring defend it in the underlying matter, and Clear Spring refused to do so. The state court then entered default judgment against Rock Founded, LLC, Rock Founded OKC, LLC, and Sergio Calderon in the amount of 1.7 million dollars. Clear Spring asserts that Willoughby Ridley, LLC and WRE Holdings, LLC have made demands on Clear Spring to satisfy the judgment.

Clear Spring filed a Motion for Judgment on the Pleadings and Brief in Support (Dkt. 16), seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Clear Spring also moved for entry of default against Defendants Rock Founded OKC, LLC and Sergio Calderon because, despite being served with process, they have not entered an appearance in this matter. The Clerk entered default against them on November 14, 2024, pursuant to Federal Rule of Civil Procedure 55(a).[3]

Then, in lieu of responding to the Motion for Judgment on the Pleadings, Defendants Rock Founded, LLC, Willoughby Ridley, LLC, and WRE Holdings, LLC joined Clear Spring in filing the Joint Motion for Entry of Agreed Judgment (Dkt. 19). The Joint Motion asserts that the parties' proposed Agreed Judgment should be entered, granting Clear Spring's Motion for Judgment on the Pleadings, and entering judgment in this case against all defendants, including Defendants Rock Founded OKC, LLC and Sergio Cauldron,

---

[2] Ortiz is not a party to this action. The state court Petition asserts that Rock Founded OKC, LLC appears to be the successor in interest to Rock Founded, LLC. State Court Pet. (Dkt. 16-1), at 1 n.1.

[3] Clerk's Entry of Default (Dkt. 18).

pursuant to Federal Rule of Civil Procedure 55(b)(2). As such, the Court must determine whether default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) is warranted against Rock Founded OKC, LLC and Sergio Calderon prior to entering the parties' Agreed Judgment.

### *Legal Standard*

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The default concedes the truth of the allegations in the complaint.[4] Entry of default by the Clerk under Rule 55(a) must precede grant of a default judgment under Rule 55(b).[5] While an entry of default concedes the truth of the allegations in the complaint, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."[6] Whether to enter default judgment is within "the sound discretion of the district court."[7]

---

[4] *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975))).

[5] *State Auto Prop. & Cas. Ins. Co. v. Estate of Brierton*, No. CIV-17-114-W, 2018 WL 8344843, at *1 (W.D. Okla. Aug. 24, 2018) (citations omitted).

[6] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (internal quotations omitted).

[7] *Tripodi*, 810 F.3d at 764.

*Discussion*

## I.    Jurisdiction

The Court has jurisdiction over this matter. To start, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000.[8] The Court also has personal jurisdiction over Rock Founded OKC, LLC and Sergio Calderon, as they are both citizens of Oklahoma and were served in Oklahoma pursuant to Oklahoma state law.[9]

Further, the Court finds that taking jurisdiction over Clear Spring's request for declaratory relief is appropriate. The Declaratory Judgment Act enables federal courts to declare the rights or legal relations of parties, but it does not require them to do so.[10] In deciding whether to hear a declaratory judgment action, district courts are required to weigh five factors.[11] Here, all five factors weigh in favor of taking jurisdiction over Clear Spring's request for declaratory relief.

---

[8] Pl.'s Compl. (Dkt. 1), ¶¶ 1–7.

[9] *See* Sergio G. Calderon Summons (Dkt. 8); Rock Founded OKC, LLC Summons (Dkt. 9); *see also* Fed. R. Civ. P. 4(e)(1), (h)(1)(A); OKLA. STAT. tit. 12, § 2004(C)(2).

[10] *See* 28 U.S.C. § 2201(a) ("[A]ny court . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]"); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (explaining that a federal court's decision to hear, dismiss, or stay a declaratory judgment action, therefore, is within "the sound exercise of its discretion," and often is guided by "considerations of practicality and wise judicial administration").

[11] *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980–81 (10th Cir. 2012) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). These five factors are: "[1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a

Defendants Willoughby Ridley, LLC, and WRE Holdings, LLC are seeking compensation from Clear Spring to satisfy a 1.7 million dollar default judgment entered in state court against Rock Founded OKC, LLC, Rock Founded, LLC, and Sergio Calderon. As such, deciding whether Clear Spring had a duty to defend and indemnify Rock Founded, LLC "settle[s] the controversy" and "serve[s] a useful purpose in clarifying the legal relations at issue[.]"[12] And since there is no parallel state court proceeding addressing the parties' rights under the policy, this is not a case of "procedural fencing" or a race to *res judicata*.[13] Nor would deciding this case "increase friction between our federal and state courts and improperly encroach upon state jurisdiction,"[14] because the issues presented here are "completely different" than those presented in state court.[15] Lastly, there is no alternative remedy that is better or more effective. Therefore, exercising jurisdiction over this dispute is proper.

## II.    Adequacy of Claim

After reviewing the filings in this case, the Court finds the unchallenged facts of the complaint constitute a valid cause of action, so default judgment should be entered against

---

declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective." *Id.*

[12] *Id.*

[13] *Id.*; *see St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995).

[14] *Mid-Continent Cas. Co.*, 685 F.3d at 980.

[15] *See Zurich Specialties London Ltd. v. Lawrence*, No. 06-CV-0593-CVE-FHM, 2007 WL 489229, at *5 (N.D. Okla. Feb. 8, 2007).

Rock Founded OKC, LLC and Sergio Calderon. Clear Spring alleges in its Complaint that the insurance policy issued to Rock Founded, LLC does not impose a duty on Clear Spring to defend or indemnify Rock Founded, LLC in the underlying state court lawsuit because the policy contains a provision specifically excluding coverage or a defense for damages arising out of work performed on or related to townhomes. Specifically, the policy contains an exclusion titled "Exclusion – Condominiums, Townhouses, Time-Shares and Tracts."[16] This exclusion states that the "insurance does not apply to" and Clear Spring has "no duty to defend any claim or 'suit' seeking damages for . . . 'property damage' . . . arising out of any work involving, relating to, or performed about the premises of . . . Condominiums or townhouses[.]"[17] The underlying state court lawsuit, filed by Willoughby Ridley, LLC and WRE Holdings, seeks to recover damages resulting from unfinished and negligent work on a townhome development by Rock Founded LLC, Rock Founded OKC, LLC, Sergio Calderon, and Gabriel Ortiz.

Accordingly, Clear Spring's well-pleaded factual allegations establish that the policy at issue unambiguously excludes coverage for any property damage arising out of work performed on or related to townhomes.[18] Because the state court claims against Rock Founded, LLC were for property damage arising out of work performed on or related to

---

[16] Insurance Policy (Dkt. 1-1), at 18.

[17] *Id.*

[18] *See Automax Hyundai S., L.L.C. v. Zurich Am. Ins. Co.*, 720 F.3d 798, 804 (10th Cir. 2013) ("If the terms of an insurance policy are clear and unambiguous, then those terms will govern." (citing *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991))). The phrase "arising out of" is given broad construction under Oklahoma law. *See C.L. Frates & Co. v. Westchester Fire Ins. Co.*, 728 F.3d 1187, 1189 (10th Cir. 2013).

townhomes, Clear Spring had no duty to defend or indemnify Rock Founded, LLC under the provisions of the policy, and is not responsible for satisfying the default judgment entered against Rock Founded, LLC, Rock Founded OKC, LLC, and Sergio Calderon in the state court action.

## Conclusion

Accordingly, the Court **GRANTS** the parties' Joint Motion for Entry of Agreed Judgment (Dkt. 19), and finds that the Agreed Judgment shall be entered, and effective against all parties to this action, including Defendants Rock Founded OKC, LLC and Sergio Calderon pursuant to Federal Rule of Civil Procedure 55(b)(2). The parties' proposed Agreed Judgment shall be entered in accordance with the agreement of the parties.

**IT IS SO ORDERED** this 30th day of May 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE